Thomson, P. J.
*8 Suit by appellant against appellees to restrain them from interfering 'with the plaintiff in his use of five hundred inches of water flowing through a ditch called the Spring Creek Valley Ditch, in Montrose county. Judgment for defendant and appeal by plaintiff.
The ditch was- constructed in 1883 by The Cushman Ditch Company as part of a system of ditches for the sale and rent of water for irrigating purposes. Some time afterwards the certificate of incorporation of the company was so amended as to change its name to “The Cushman Ditch, Beservoir & Fish Company,” and at the same time it detached the Spring Creek Valley Ditch from its general system, and set apart twenty-eight shares of its stock to represent the ownership of the water flowing through that ditch. In 1887 Mr. Byman, a grantor of the plaintiff, became the owner of nine of the twenty-eight shares. In 1896, seventeen of the shares were transferred to Mrs. Bonney, the defendants ’ grantor. The defendants purchased from her in 1899, immediately before the commencement of this suit. Mr. Cook, the person from whom Mrs. Bonney purchased her land, used water from that ditch for a number of years before she received her stock, — inferentially, from 1886 forwards. Other parties held the remainder of the twenty-eight shares. Mr. Cushman, the president and superintendent of The Cushman Ditch Company, and of The Cushman Ditch, Beservoir & Fish Company, and the principal witness for the plaintiff, testified that at an early day there were fifteen or twenty users of water from the ditch, and that they took the entire supply; and that after 1887, the ditch was conducted by the users principally as a neighborhood ditch, and when loans were made to the users, the loan agents required a transfer on the books. From this it would appear that the rights of the several *9 users were represented by stock. For several years in the early history of the ditch, Mr. Ryman used a considerable quantity of water, varying from 200 to 400 inches in a year. During that time there was a large flow in the creek, and there was enough water for everyone who wanted it. The plaintiff testified that from the time when he purchased his land from the grantee of Ryman, himself and his tenants did the work of repairing and keeping up the ditch, and used 500 inches of water, which was practically all the water running in the ditch; but Mr. Cushman testified that in 1895 and 1896 Mrs. Bonney used a considerable quantity of the water, and Mrs. Bonney testified that afterwards, on account of the plaintiff’s objections, she was compelled to use a diminishes! amount, and in 1898 she used none at all, because the plaintiff would not let her have it; and that she sold her water rights because she was not able to fight for them. She also testified that from time to time she did a considerable amount of work in the way of maintaining and repairing the ditch. Latterly, for reasons which are not clearly disclosed, the flow of water in the ditch was largely diminished, amounting only to about 500 inches.
The plaintiff claims all this water, but he has not made the theory upon which he prefers his claim very comprehensible. In his complaint he alleges an abandonment of the ditch by the defendants and their grantors, and supports the charge by an averment that they entirely failed to maintain, repair and operate the ditch. In his argument he grounds, his claim upon a prior appropriation of the water by himself and his grantors.
It is quite clear that the plaintiff derived no title to the water either through abandonment or by appropriation. There was no evidence that the defendants, or those under whom they claim, ever *10 abandoned any right they had in the water. Failure by them to make repairs or contribute toward repairs upon the ditch, even if such were the fact, would not alone prove abandonment; nor would the fact that for some years Mrs. Bonney did not use her share of the water, and during one year used none at all, even if the nonuser was voluntary with her, point in the direction of abandonment. An abandonment occurs when the party in possession deserts the property without an intention to reclaim it, and such intention is not shown by mere nonuser or failure to maintain. — Putnam v. Curtis, 7 Colo. App. 437.
But in view of the evidence that the defendants ’ immediate grantor, Mrs. Bonney, did contribute toward the maintenance of the ditch, and the uncontradicted evidence that her failure to use her share of the water for some years, and during one year to use any, was due to the conduct of the plaintiff himself, the charge of abandonment is not calculated to add weight to the plaintiff’s contention. And a claim of prior appropriation is equally baseless. The water was appropriated by The Cushman Ditch Company; and it was from that company, and from no other source, that the plaintiff derived his title. The origin of the defendants’ title was the same. > The rights of the parties, plaintiff and defendant, in the water are evidenced by the stock of the company held by them respectively. The interest of the plaintiff is nine twenty-eighths of whatever water may be flowing in the ditch, and no more, the remainder being owned by the defendants and others; and while the taking-by the plaintiff from the ditch of water which did not belong to him was an appropriation in the sense in which any wrongful taking of property is an appropriation, it was not an appropriation within the meaning of the law regulating water rights on the public domain.
*11 The assignments of error go to the admission and rejection of testimony. We shall not discuss them, because the nature of the testimony admitted,' and of that rejected, was such that the rulings could not in any manner affect the decision of the questions presented, or work injury to the plaintiff. Let the judgment be affirmed.

Affirmed.